**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | Case No. 2:17-cv-01026-GMN-CWH |
| Plaintiff, | |
| v. | |
| OPERTURE INC., | **REPORT & RECOMMENDATION** |
| Defendant. | |

Presently before the Court is Plaintiff Ocwen Loan Servicing, LLC's motion for default judgment (ECF No. 12) filed on June 6, 2017. No response has been filed.

**I.  BACKGROUND**

This action regards the ownership of property located at 8949 Sunrise Mesa Court, Las Vegas, Nevada ("the Property"). The Property was purchased by a non-party, Jason Perez, on March 10, 2009 for $125,681. Pl.'s Mot. Ex. 1. On March 16, 2016 the Deed of Trust executed by Mr. Perez was assigned from non-party Direct Equity Mortgage, LLC to Plaintiff and recorded by the Clark County Recorder. Pl.'s Mot., Ex. 3.

On May 28, 2014, a notice of delinquent assessment lien was recorded against the Property by Absolute Collection Services, LLC, on behalf of Centennial Park Homeowners Association ("the HOA") in the amount of $913.64. Pl.'s Mot., Ex. 7. On July 8, 2014, a notice of default and election to sell under homeowners association lien was recorded against the Property on behalf of the HOA, indicating an amount due of $1,608.66. Pl.'s Mot., Ex. 8. On November 5, 2014, a notice of sale was recorded against the Property on behalf of the HOA, indicating an amount due of $3,068.86 and an auction date of December 16, 2014. Pl.'s Mot., Ex. 9. The Property was then sold at a public auction by the HOA to Defendant Operture Inc. for $100,100.00 on January 20, 2015. Pl.'s Mot., Ex. 10. Plaintiff alleges the HOA sale was conducted pursuant to, but not in complete accordance with, Nevada's lien foreclosure statute (Nev. Rev. Stat. 116.3116, pre-2015 amendments). Compl. at

1   ¶ 33. On April 10, 2017, Plaintiff brought the present action, in which it argues that its Deed of
2   Trust survived the HOA foreclosure sale, and seeks to quiet title to the Property, declaratory relief,
3   and a permanent injunction, and also makes a claim of unjust.  Defendant was served with a
4   summons and a copy of the complaint on April 13, 2017.  Summons Returned Executed.  (ECF No.
5   8).  To date, Defendant has not made any appearance in this case.

6          On May 19, 2017, Plaintiff moved for entry of Clerk's default, and the Clerk entered default
7   on May 22, 2017.  Mot. for Entry of Clerk's Default (ECF No. 9); Entry of Default (ECF No. 11).
8   Plaintiff subsequently brought the instant motion for default judgment on June 6, 2017, seeking
9   declaratory relief to the effect that the HOA sold the Property to Operature subject to Ocwen's First
10  Deed of Trust, and that the HOA Sale did not extinguish Ocwen's First Deed of Trust secured by the
11  Property.

12  **II.     ANALYSIS**

13         Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment if the
14  Clerk previously has entered default based on the defendants' failure to defend.  A failure to make a
15  timely answer to a properly served complaint will justify the entry of a default judgment.  *Benny v.*
16  *Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).  However, whether to grant a default judgment lies within
17  the Court's discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  In deciding whether to
18  enter a default judgment, the Court considers factors such as:

19  > (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the
20  > action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal
21  > Rules of Civil Procedure favoring decisions on the merits.

22  
23  *Id.* at 1471-72.  A default judgment generally is disfavored because "[c]ases should be decided upon
24  their merits whenever reasonably possible."  *Id.* at 1472.  When considering a motion for default
25  judgment after entry of default, the factual allegations in the complaint are taken as true, except those
26  relating to the amount of damages.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).
27  A hearing may be held on such a matter, but entry of a default judgment may be appropriate without
28  a hearing when the judgment amount is based upon a definite figure.  *See WPM, Inc. v. Full Pro*

1  *Indus. Co.*, 53 F.3d 341 (9th Cir. 1995).

2  Considering the *Eitel* factors enumerated above, default judgment is appropriate under the
3  circumstances of this case.  Plaintiff pursued its claim against Defendant, but Defendant has failed to
4  respond to the complaint or otherwise participate in this case despite being served with process.
5  Given Defendant's failure to participate in this case, Plaintiff would be prejudiced by having to
6  expend additional resources litigating an action that appears to be uncontested.  The complaint
7  sufficiently sets forth Plaintiffs' claims under the liberal pleading standard in Rule 8 of the Federal
8  Rules of Civil Procedure.  Further, Plaintiffs' claims appear to have merit in light of the Ninth's
9  Circuit recent decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir.
10 2016), which held that Nev. Rev. Stat. 116.3116 was facially unconstitutional.

11 As to the fourth and fifth *Eitel* factors, there is no sum of money involved in this dispute.
12 The motion for default judgment seeks only declaratory relief that the HOA sold the Property subject
13 to Plaintiff's Deed of Trust, and that this Deed was not extinguished by the sale.  Plaintiff has
14 provided documentary evidence, authenticated via affidavit, to support its factual claims.  Given the
15 evidence presented by Plaintiff, it is unlikely that any of the material facts in this case would be
16 disputed by Defendant.

17 Finally, there is no evidence that Defendant's default in this case is due to excusable neglect.
18 Despite being served with the summons and a copy of Plaintiffs' complaint, Defendant has not
19 responded.  Given Defendant's failure to participate in this case, a decision on the merits is
20 "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D.
21 Cal. 2002.).  Entry of a default judgment therefore is appropriate.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

## III.  RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff Ocwen Loan Servicing, LLC's motion for default judgment (ECF No. 12) be GRANTED.

IT IS FURTHER RECOMMENDED that the Court make the following findings and declarations:

1. That Ocwen's interest is secured against the Property, and that Ocwen's first Deed of Trust was not extinguished by the HOA Sale;
2. That Ocwen's interest is superior to the interest of Operture, Inc.;
3. That all transfers of title to the Property are and were subject to Ocwen's Deed of Trust, and that the Deed of Trust continues to encumber title in senior position in the chain of title; and
4. That the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Operture, Inc.

## IV.  NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 12, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge