# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> OPERTURE INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:17-cv-01026-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Carl Hoffman, Jr., (ECF No. 14), which recommends the Plaintiff Ocwen Loan Servicing, LLC's ("Ocwen") Motion for Default Judgment, (ECF No. 12), be granted.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 14), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Ocwen's Motion for Default Judgment, (ECF No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court makes the following findings and declarations: 1) That Ocwen's interest is secured against the Property, and that Ocwen's first Deed of Trust was not extinguished by the HOA sale; 2) that Ocwen's interest is superior to the interest of Operture, Inc.; 3) that all transfers of title to the Property are and were subject to Ocwen's Deed of Trust, and that the Deed of Trust continues to encumber title in senior position in the chain of title; and 4) that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Operture, Inc.

The Clerk of Court is instructed to close the case.

**DATED** this 28 day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court